IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLINTON FAIR,

Case No.: 6:15-cv-1133-ORL-40DAB

      Plaintiff,

v.

JONATHAN MILLS, individually,
and PAUL GRIFFITH, individually,

      Defendants.
_____

## COMPLAINT

Plaintiff, CLINTON FAIR, by and through the undersigned counsel, sues the Defendants,

JONATHAN MILLS, individually, and PAUL GRIFFITH, individually, and alleges as follows:

### Introduction

1.     This is a federal civil rights action on behalf of victim, CLINTON FAIR.

2.     Plaintiff, CLINTON FAIR, was subjected to excessive force by police officers

during a traffic stop.

### Jurisdiction and Venue

3.     The Original "Federal Question" Jurisdiction of this Court is invoked pursuant to

28 U.S.C. §§ 1331 to redress the deprivation, under color of state law, of rights secured to the

CLINTON FAIR by the United States Constitution.

4.     CLINTON FAIR's claims for relief are predicated upon 42 U.S.C. § 1983, which

authorizes actions to redress the deprivation, under color of state law, of rights, privileges and

immunities secured to the CLINTON FAIR by the Constitution and laws of the United States

and by 42 U.S.C. § 1988.

1

5.     Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because one or more Defendants are situated within, and under 28 U.S.C. § 1391(b)(2) because all or a substantial part of the wrongful acts complained of occurred within the Middle District of Florida.

6.     At all times material hereto, CLINTON FAIR has been a resident of Orange County, Florida.

7.     All conditions precedent to this lawsuit, if any, have been satisfied or waived.

8.     This is a civil complaint in which the damages exceed the amount of $75,000, exclusive of attorney's fees and costs.

### Parties

9.     At all times material hereto, CLINTON FAIR has been a male citizen of the United States.

11.     JONATHAN MILLS (hereinafter referred to as "MILLS"), was at all times pertinent hereto, an officer of the Orlando Police Department (hereinafter referred to as "OPD") acting within the course and scope of his employment.  MILLS is sued in his individual capacity.

12.     PAUL GRIFFITH (hereinafter referred to as GRIFFITH), was at all times pertinent hereto, an OPD Sergeant acting within the course and scope of his employment, and as the direct supervisor of MILLS.  GRIFFITH is sued in his official/supervisory capacity.

13.     All actions relevant to this suit occurred in Orange County, Florida.

14.     At all times pertinent hereto the Defendants were acting under color of state law, to wit:

> State statutes, ordinances, regulations, customs and usages of the State of Florida and in their actions and appearances pursuant to their authority as police officers and municipal entities.

2

## Allegations of Fact

15.     On August 12, 2014, shortly after 11:20 A.M., near the intersection of Orange Blossom Trail and Colonial Drive in Orlando, Florida, MILLS and GRIFFITH stopped a vehicle operated by Nathanael Rivera (hereinafter referred to as "Mr. Rivera"), in which CLINTON FAIR, a man of African American descent, was the passenger.

16.     GRIFFITH approached the driver's side of the vehicle, while MILLS approached the front passenger side of the vehicle, where CLINTON FAIR was seated.

17.     At that time and place, MILLS and GRIFFITH requested Mr. Rivera's and CLINTON FAIR's driver's licenses. Both Mr. Rivera and CLINTON FAIR complied.

18.     MILLS and GRIFFITH then informed Mr. Rivera and CLINTON FAIR that they were searching for an individual named "Jeremiah."

19.     Shortly after confirming that neither Mr. Rivera nor CLINTON FAIR were "Jeremiah," GRIFFITH proceeded to ask Mr. Rivera if there was anything illegal in the vehicle. Mr. Rivera replied in the negative.

20.     GRIFFITH then requested permission from Mr. Rivera to search the vehicle. Mr. Rivera denied GRIFFITH's request, as was his right.

21.     At that time and place, MILLS instructed CLINTON FAIR to exit the vehicle and place his hands on the top of Mr. Rivera's vehicle. CLINTON FAIR complied.

22.     MILLS proceeded to inspect CLINTON FAIR's groin area, put his hands down CLINTON FAIR's shorts and touch CLINTON FAIR's body parts, including but not limited to, his waist and buttocks.

23.     CLINTON FAIR indicated to MILLS that he did not consent to any search of his person.

3

24.     In spite of CLINTON FAIR's express lack of consent to any search of his person, MILLS pressed his own body against CLINTON FAIR and pinned CLINTON FAIR against Mr. Rivera's vehicle.

25.     MILLS then asked CLINTON FAIR if he was hiding any foreign objects in his buttocks. CLINTON FAIR replied in the negative.

26.     MILLS then handcuffed CLINTON FAIR and forced him to walk back to the patrol car.

27.     Subsequently, and without cause and/or justification, MILLS intentionally put his hands down CLINTON FAIR's shorts and intentionally inserted a finger inside CLINTON FAIR's, anal cavity.

28.     At all times material hereto, MILLS' acts towards CLINTON FAIR's person, as specifically described above in Paragraph 27, were entirely unproductive, unfruitful and offensive.

29.     At all times material hereto, GRIFFITH was acting as MILLS' supervisor.

30.     At all times material hereto, GRIFFITH, who was in close proximity, observed, or should have observed, MILLS' acts towards CLINTON FAIR, as described above.

31.     At all times material hereto, GRIFFITH knew that MILLS' acts were unlawful; however, GRIFFITH deliberately refrained from intervening and/or adequately responding to his knowledge of MILLS' unlawful acts.

32.     CLINTON FAIR was never charged with any criminal activity.

33.     The utilization of excessive force by MILLS, and GRIFFITH's failure to adequately respond to such was unnecessary, unwarranted, unjustified and in violation of CLINTON FAIR's, recognized Fourth Amendment Constitutional Right.

4

34.     As a direct and proximate result of the collective Defendants' acts and/or omissions, which constitute unlawful excessive force, CLINTON FAIR fell victim to battery and false imprisonment, and has suffered injury.

## COUNT I

**Violation of Plaintiff, CLINTON FAIR's Fourth Amendment Rights against use of excessive force under 42 U.S.C. §1983 (as to Defendant, JONATHAN MILLS)**

35.     CLINTON FAIR realleges paragraphs 1-34 as though fully set forth herein.

36.     MILLS, in his official capacity, acting alone and in concert with a co-Defendant, and in the course and scope of his employment as a police officer with the OPD, exercised excessive and unreasonable force on the person of CLINTON FAIR.

37.     MILLS's behavior, in his official capacity, acting alone and in concert with a co-Defendant, was shocking to the conscience.

38.     Acting under the color of law, as agent of the OPD, MILLS intentionally and with complete, reckless, and callous disregard and indifference for CLINTON FAIR's civil rights, caused CLINTON FAIR to be deprived of his constitutional rights, including those under the Fourth Amendment to the United States Constitution, by using a degree of force that was unreasonable under the circumstances and in searching and seizing him, in violation of the right of CLINTON FAIR to be free from unreasonable search and seizure under the Fourth Amendment.

39.     By reason of the foregoing, MILLS violated 42 U.S.C. §1983.

40.     As a direct and proximate result of the foregoing, CLINTON FAIR suffered bodily injury, mental anguish, oppression, loss of earnings and earning capacity, loss of dignity, loss of liberty, and damage to reputation.

41.     The conduct of MILLS is sufficient to support a finding of malice and willful and wanton disregard, and to support a claim for punitive damages.

42.     Pursuant to 42 U.S.C. §1988, this Court, in its discretion, may allow the prevailing party in §1983 actions, such as the instant case, a reasonable attorney's fee as part of the costs.

**WHEREFORE**, Plaintiff, CLINTON FAIR, prays that this Court enter judgment against Defendant, JONATHAN MILLS, for compensatory and punitive damages, attorney's fees, trial by jury, and grant such further relief as this Court deems just.

## COUNT II

### Violation of Plaintiff, CLINTON FAIR's, Fourth Amendment Rights against use of excessive force under 42 U.S.C. §1983 (as to Defendant, PAUL GRIFFITH)

43.     CLINTON FAIR realleges paragraphs 1-34 as though fully set forth herein.

44.     At all times material hereto, GRIFFITH, in his official capacity and under the color of law, acted within the course and scope of his employment as a Sergeant with the OPD and as MILLS' direct supervisor.

45.     At all times material hereto, GRIFFITH supervised the subject traffic stop and participated in setting into motion a series of acts performed by MILLS.

46.     At all times material hereto, GRIFFITH had actual and/or constructive knowledge that his supervisee, MILLS, engaged in acts that posed a pervasive and unreasonable risk of constitutional injury to CLINTON FAIR.

6

47.     Despite his knowledge of MILLS' unconstitutional acts, GRIFFITH intentionally, willfully and with complete, reckless, and callous disregard and deliberate indifference for CLINTON FAIR's civil rights, caused CLINTON FAIR to be subjected to a deprivation of his constitutional rights, including those under the Fourth Amendment to the United States Constitution, by failing to adequately respond to MILLS' unlawful acts.

48.     GRIFFITH's behavior, in his official capacity, acting alone and in concert with his co-Defendant, was shocking to the conscience.

49.     By reason of the foregoing, GRIFFITH violated 42 U.S.C. §1983.

50.     As a direct and proximate result of the foregoing, CLINTON FAIR suffered bodily injury, mental anguish, oppression, loss of earnings and earning capacity, loss of dignity, loss of liberty, and damage to reputation.

51.     The conduct of GRIFFITH is sufficient to support a finding of malice and willful and wanton disregard, and to support a claim for punitive damages.

52.     Pursuant to 42 U.S.C. §1988, this Court, in its discretion, may allow the prevailing party in §1983 actions, such as the instant case, a reasonable attorney's fee as part of the costs.

**WHEREFORE**, Plaintiff, CLINTON FAIR, prays that this Court enter judgment against Defendant, PAUL GRIFFITH, for compensatory and punitive damages, attorney's fees, trial by jury, and grant such further relief as this Court deems just.

## COUNT III

### False Arrest (as to Defendant, JONATHAN MILLS)

53.     CLINTON FAIR realleges paragraphs 1-34 as though fully set forth herein.

54.     The gravamen of the tort of false arrest is the unlawful restraint of a person against that person's will. *Johnson v. Weiner,* 155 Fla. 169, 19 So.2d 699, 700 (1944); *Spears v. Albertson's Inc.,* 848 So.2d 1176, 1178 (Fla. 1st DCA 2003); *City Of St. Petersburg v. Austrino,* 898 So. 2d 955, 957 (Fla. 2d DCA 2005).

55.     In a false arrest action, probable cause is an affirmative defense to be proven by the defendant. *Bolanos v. Metro. Dade County,* 677 So.2d 1005, 1005 (Fla. 3d DCA 1996). Probable cause has been properly defined as:

> 'A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.'
>
> Dunnavant v. State, Fla.1950, 46 So.2d 871, 874; see also Thompson v. Taylor, Fla.App.1966, 183 So.2d 16, 19; Cold v. Clark, Fla.App.1965, 180 So.2d 347, 349

56.     However, "...in order for probable cause to exist the countenance of the situation must be such that a prudent man would set in motion the forces of a criminal proceeding. And where it would appear to a 'cautious man' that further investigation is justified before instituting that proceeding, then liability may attach for the failure to do so. "*Liabos v. Harman*, 215 So. 2d 487, 488-89 (Fla. 2d DCA 1968).

57.     Probable cause must be based on the actions of "...of reasonable men, acting on facts leading sensibly to their conclusions of probability." *Brinegar v. United States,* 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).   The facts and circumstances, based upon reasonably trustworthy information, must be such that "would cause a prudent person to believe" the suspect has committed a crime. *Lee v. Ferraro,* 284 F.3d 1188, 1195 (11th Cir.2002) (quoting *Williamson v. Mills,* 65 F.3d 155, 158 (11th Cir.1995)). *City Of St. Petersburg v. Austrino,* 898 So. 2d 955, 958 (Fla. 2d DCA 2005).

58.     A law enforcement officer is required to conduct a reasonable investigation to establish probable cause. Where the evidence and all inferences from it lead inevitably to the conclusion that the arrest was made without conducting a reasonable investigation, the facts and circumstances known to the officer are deemed insufficient to give rise to probable cause. *See Liabos v. Harman*, 215 So.2d 487 (Fla. 2d DCA 1968); *City Of St. Petersburg v. Austrino*, 898 So. 2d 955, 958 (Fla. 2d DCA 2005).

59.     MILLS failed to conduct a reasonable investigation, and otherwise failed to establish probable cause for the arrest of the CLINTON FAIR.

60.     Furthermore, the actions of MILLS were in bad faith, with malicious purpose, or in a manner exhibiting willful disregard of human rights, and specifically the rights of CLINTON FAIR.

61.     CLINTON FAIR was unlawfully arrested and was deprived of his liberty against his will.

62.     Such detention and deprivation of liberty was unreasonable and unwarranted under the circumstances, as there was not a scintilla of evidence to support any belief that CLINTON FAIR had committed any criminal act.

63.     As a direct and proximate result of the foregoing, CLINTON FAIR suffered bodily injury, mental anguish, oppression, loss of earnings and earning capacity, loss of dignity, loss of liberty, and damage to reputation.

64.     The conduct of MILLS is sufficient to support a finding of malice and willful and wanton disregard, and to support a claim for punitive damages.

**WHEREFORE**, Plaintiff, CLINTON FAIR, prays that this Court enter judgment against Defendant, JONATHAN MILLS, for compensatory and punitive damages, and where applicable,

taxable costs, trial by jury, and grant such further relief as this Court deems just.

## COUNT IV

**Battery (as to Defendant, JONATHAN MILLS)**

65.   CLINTON FAIR realleges paragraphs 1-34 as though fully set forth herein.

66.   At all times material hereto, MILLS' unlawful acts, as described in Paragraphs 21 to 29, constituted intentional, non-consensual, harmful and/or offensive physical contact on CLINTON FAIR's person.

67.   At all times material hereto, the use of excessive force by MILLS was unreasonable and unwarranted.

68.   As a direct and proximate result of the foregoing, CLINTON FAIR suffered injury, mental anguish, loss of dignity, loss of liberty, and damage to reputation.

69.   The conduct of MILLS is sufficient to support a finding of intentional misconduct, malice, willful and wanton disregard, and support a claim for punitive damages.

**WHEREFORE**, Plaintiff, CLINTON FAIR, prays that this Court enter judgment against Defendant, JONATHAN MILLS, for compensatory and punitive damages, attorney's fees, trial by jury, and grant such further relief as this Court deems just.

DATE:  7/7/15

/s/ David A. Paul
DAVID A. PAUL, ESQUIRE
Florida Bar No.:  0021385
*Paul & Perkins, P.A.*
3117 Edgewater Drive
Orlando, Florida 32804
(407) 540-0122
(407) 540-0510 facsimile
dpaul@orlandotriallaw.com
*Counsel for Plaintiff*